UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELSHEIKH ABDELRAHIM, et al,<br><br>Plaintiffs,<br><br>v.<br><br>DIRECTOR JOSEPH EDLOW, *Director, U.S. Citizenship and Immigration Services*, et al,<br><br>Defendants. | Case No. 26-cv-11995-RGS |

**JOINT STATUS REPORT**

On May 22, 2026, Plaintiffs filed a motion for a preliminary injunction seeking to enjoin USCIS from applying the policies set forth in PA-2025-26, PM-602-0192, and PM-602-0194 (referred to as the "Challenged Policies") to their pending requests for immigration benefits. Doc. No. 5; Doc. No. 5-1. On June 11, 2026, the Court issued an order denying Plaintiffs' motion as moot in light of the United States District Court for the District of Rhode Island's decision in *Dorcas Int'l Inst. of Rhode Island v. United States Citizenship & Immigr. Servs.*, No. 26-cv-132, 2026 WL 1622708 (D.R.I. June 5, 2026), which vacated the Challenged Policies. Doc. No. 12. The Court further provided that, "[t]o avoid any confusion which may result from re-litigating issues likely be heard by the First Circuit in the near future, the court is inclined to stay further proceedings in this action pending exhaustion of the appeals process in *Dorcas Int'l*," and directed the parties to "notify the court of their positions on the propriety of a stay (explaining the basis for those positions)." *Id.*

**Plaintiffs' Position**: A stay of proceedings is not appropriate and would materially harm the Plaintiffs' ability to get relief on claims that were not decided by the Court in *Dorcas*. As Defendants acknowledge, Plaintiffs complaint encompassed arguments beyond those impacted by

*Dorcas*, specifically relating to the unreasonableness of the Defendants' delay in adjudicating Plaintiffs' pending applications for relief as outlined in Counts I and II of the Complaint. To that end, Plaintiffs do not agree that the Complaint as a whole has been mooted by the *Dorcas* decision or that a stay is warranted pending the government's now-filed appeal in *Dorcas*. *See Dorcas*, No. 1:26-cv-132, ECF No. 39 (Notice of Appeal); *see also Sunny-Odio v. Trump, et al.*, 1:26-cv-4816, ECF No. 23 (N.D. Cal. June 18, 2026) (granting a preliminary injunction, finding that Sunny-Odio had already suffered irreparable harm based on the Benefits Hold's impact on his application, and Sunny-Odio faces imminent harm "because of the uncertainty that remains as to whether that ruling will be stayed or overturned on appeal."). Plaintiffs oppose any stay of this proceeding in relation to the counts pursuant to Mandamus as outlined in Counts I and II. Indeed, Defendants decline to promise to adjudicate Plaintiffs' applications on any particular timeline, notwithstanding that their applications have been on hold for several months causing many of them to lose work authorization or face imminent loss of work authorization or status. At a minimum, Plaintiffs' individual mandamus claims are not moot and should be allowed to continue. Defendants' disagreements with Plaintiffs' claims are reason to allow further briefing and resolution of this case, not a stay of proceedings.

Moreover, while Defendants have indicated that they recognize the vacatur of the policy memoranda, they have not confirmed that processing of the Plaintiffs' petitions has resumed or will actually be completed. USCIS has indicated that implementation of the vacatur is pending further "instructions" or guidance, and there is no evidence that such information has been provided to adjudicators. https://www.uscis.gov/sites/default/files/document/policy-manual-updates/20251127-Discretion.pdf ("USCIS will issue updated instructions pending further litigation developments."). Thus, it is not clear that the government is complying with the order

such that Plaintiffs' applications will proceed to final adjudication at any point in the near future or that Defendants are not construing *Dorcas* in a way such that Plaintiffs' claims are not moot. Thus, Plaintiffs respectfully request that the litigation proceed to allow Plaintiffs to litigate their claims related to the adjudication of their individual applications.

**Defendants' Position**: The Court has broad authority to stay its own proceedings, and Defendants do not oppose it doing so here pending the exhaustion of the appeal in *Dorcas*. Defendants agree that *Dorcas* has resulted in Plaintiffs effectively obtaining the relief requested by their motion for a preliminary injunction. Defendants fully acknowledge that the vacatur "is effective immediately" and that it "applies agency-wide." USCIS, Court Order on Hold Policies (June 12, 2026), https://www.uscis.gov/newsroom/alerts/court-order-on-hold-policies. Defendants do not know what Plaintiffs mean by asserting that "implementation of the vacatur is pending further 'instructions'"; the referenced document states that the vacatur "is effective immediately," that USCIS "will follow its terms pending possible further judicial review," and that "USCIS will issue updated instructions pending further litigation developments." https://www.uscis.gov/sites/default/files/document/policy-manual-updates/20251127-Discretion.pdf. Defendants also do not understand what Plaintiffs mean by asserting that Defendants "have not confirmed that processing of the Plaintiffs' petitions has resumed or will actually be completed." Plaintiffs' counsel had not asked Defendants' counsel to confirm as much, but in any event, USCIS continues to process Plaintiffs' requests and, in light of the vacatur of the Challenged Policies, will not defer final decisions on those requests. To be clear, though, the vacatur of the Challenged Policies does not mean that USCIS must finish adjudicating Plaintiffs' petitions immediately or on a "particular timeline." Insofar as Plaintiffs seek to compel USCIS to finish adjudicating their petitions on a "particular timeline," they must prevail on their

unreasonable-delay claims (Counts I and II). Defendants respectfully maintain that Plaintiffs are unlikely to do so, given that many of their applications were only filed this year.

That said, Defendants acknowledge that Plaintiffs' unreasonable-delay claims pertaining to the adjudication of their individual requests (Counts I and II) were neither the basis for Plaintiffs' preliminary injunction motion nor resolved by *Dorcas*. Accordingly, should the Court decline to stay these proceedings (or decline to stay these proceedings with respect to Counts I and II), Defendants remain prepared to continue litigating this matter and to file a response to the complaint, currently due on July 10, 2026.

Respectfully submitted,

Dated: June 18, 2026

PLAINTIFFS
By their counsel,

/s/ Kerry E. Doyle
KERRY E. DOYLE
Green and Spiegel LLC
1524 Delancey St., 4th Floor
Philadelphia, PA 19102
(617) 216-1248
kdoyle@gands-us.com

/s/ Masha Khanbabai
MAHSA KHANBABAI
Khanbabai Immigration Law
115 Main Street, Ste 1B
Easton, MA 02356
(508) 297-2065
Mahsa@mk-immigration.com

JESSICA DAWGERT
Ariela Lake Law and Consulting
3355 Hudson St., #7098

DEFENDANTS
By their counsel,

LEAH B. FOLEY
United States Attorney

/s/ Michael L. Fitzgerald
Michael L. Fitzgerald
Assistant U.S. Attorney
U.S. Attorney's Office
1 Courthouse Way, Ste. 9200
Boston, MA 02210
(617) 748-3266
michael.fitzgerald2@usdoj.gov

Denver, CO 80207

SARAH S. WILSON
Colombo & Hurd, PL
301 E. Pine St. #450
Orlando, FL 32801
(407) 478-1111
swilson@colombohurd.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Michael L. Fitzgerald*
MICHAEL L. FITZGERALD
Assistant U.S. Attorney